REQUESTED BY: Senator Ed Schrock Nebraska State Legislature
On January 20, 2004, you requested an opinion from the Attorney General's Office regarding LR4CA, a proposed amendment to the Nebraska Constitution, and its possible affect on the Nebraska Constitution and various existing statutes. The relevant language of the proposed constitutional amendment reads as follows:
Fishing, trapping, and hunting are a valued part of the heritage of the people and will be a right forever preserved for the people subject to reasonable restrictions as prescribed by law.
LR4CA (Ninety-Eighth Legislature, First Session, First Reading January 10, 2003). Please find our responses outlined below.
Question No. 1: Whether the adoption of the proposed constitutional amendment would impair or negatively affect the Nebraska Constitution. For the reasons set forth below, we conclude that the proposed constitutional amendment will not impair or negatively affect the Nebraska Constitution.
The Nebraska Supreme Court has provided a number of rules for the application and construction of constitutional provisions. Essentially, the proposed constitutional amendment would not impair or negatively affect the Nebraska Constitution because the amendment would simply become part of the Constitution and would have the same authority as any other provision within the Constitution.
The Nebraska Constitution represents the supreme written will of the people regarding the framework for their government. Pig Pro Nonstock Co-op v. Moore, 253 Neb. 72, 79, 568 N.W.2d 217, 222 (1997). The state constitution is only subject to the limitations found in the Federal Constitution. Jaksha v. State, 241 Neb. 106, 110, 486 N.W.2d 858, 863
(1992). In Jaksha, the Nebraska Supreme Court found the following:
 A constitutional amendment becomes an integral part of the instrument and must be construed and harmonized, if possible, with all other provisions so as to give effect to every section and clause as well as to the whole instrument. If inconsistent, a constitutional amendment prevails over a provision in the original instrument
Jaksha, 241 Neb. at 110-111, 486 N.W.2d at 863 (internal citations omitted). Constitutional provisions relating to the same subject matter should be construed together, with a view to giving effect to each provision if possible. State ex rel. Randall v. Hall, 125 Neb. 236,249 N.W. 756 (1933). Constitutional provisions are repugnant to each other or conflicting only when they relate to the same subject, are adopted for the same purpose, and cannot be enforced without substantial conflict. Swanson v. State, 132 Neb. 82, 271 N.W. 264 (1937). Differences in Constitutional provisions must, if possible, be reconciled. State ex rel. Randall v. Hall, supra.
Upon review of the Nebraska Constitution, there is one provision that appears to relate to the subject matter of the proposed constitutional amendment. Pursuant to Article III, Section 18 of the Nebraska Constitution, "The Legislature shall not pass local or special laws in any of the following cases, that is to say: . . . the protection of game or fish . . ." Therefore, it is unconstitutional for the Legislature to pass special legislation for the protection of game or fish. A legislative act can violate the Nebraska Constitution as special legislation if (1) it creates an arbitrary and unreasonable method of classification or (2) it creates a permanently closed class. Gourley ex rel. Gourley v. Nebraska Methodist Health System, 265 Neb. 918,663 N.W.2d 43 (2003), (Per curiam, with three justices concurring and two justices concurring in result). Although Article III, Section 18 of the Constitution and the proposed amendment appear to have some relation in subject matter, the provisions do not appear to be in conflict as the provisions were not adopted for the same purpose. Moreover, both provisions can be enforced without substantial conflict. Therefore, the proposed amendment would not impair the current language of the special legislation provision. Notwithstanding Article III, Section 18, there appear to be no other conflicts, either direct or indirect, between the remainder of the provisions and the proposed constitutional amendment.
Furthermore, no limit is placed on the subject matter of proposed language to the Constitution. "A proposed amendment to our Constitution does not have to deal with fundamental rights but may deal with any subject." Omaha National Bank v. Spire, 223 Neb. 209, 219, 389 N.W.2d 269,276 (1986). The people of the state of Nebraska may amend their Constitution in any way they see fit, provided the amendment is not in violation of the United States Constitution or in conflict with federal statutes or treaties. Id. Moreover, the Nebraska Supreme Court is without authority to judge the wisdom or desirability of a Constitutional Amendment. State ex rel. Stenberg v. Moore, 251 Neb. 598, 606,558 N.W.2d 794, 798 (1997).
It can be derived from the language in the above cited cases that there are no limitations on the subject matter of constitutional amendments, provided such amendments are not in violation of the United States Constitution, or federal laws or treaties. Whether the proposed language "clutters" the Constitution is a policy issue and has no effect on the ability of the constitutional amendment to be proposed to the people of the state of Nebraska: it simply is an argument in opposition of the adoption of the amendment.
Question No. 2: Whether the adoption of the proposed constitutional amendment would negatively affect the interpretation of any relevant existing statutes. For the reasons set forth below, we conclude that the proposed constitutional amendment will have an affect on the interpretation of relevant existing statutes. Whether or not these effects can be characterized as "negative" is not within our purview to review.
The Nebraska Game and Parks Commission ("Commission") is vested with sole charge and responsibility for state parks, game and fish, recreation grounds, and all things pertaining thereto, pursuant to Neb. Rev. Stat. § 37-301 (Reissue 1998). The Commission is further granted the authority, pursuant to Neb. Rev. Stat. § 37-314 (Reissue 1998), to adopt and promulgate rules and regulations as they relate to specifications of hunting, fishing, and fur-harvesting. The qualifying language of the constitutional amendment, "subject to reasonable restrictions as prescribed by law," appears to have no effect on the ability of the Commission to exercise its authority to regulate game and parks pursuant to the current statutory grant of authority by the Legislature.
The language, "reasonable restrictions as proscribed by law," however, has the potential of presenting additional challenges to both the Legislature and the Commission. Currently, all statutes passed by the Legislature and regulations adopted by the Commission relating to the right to fish, trap and hunt are presumed to be constitutional provided the laws are "rationally related to a legitimate governmental interest." The legitimate government interest the Legislature is seeking to protect is the preservation and conservation of wildlife within the state. The burden is on the person challenging the statute to prove that the statute is unconstitutional because it is irrational and satisfies no legitimate governmental interest.
The proposed constitutional amendment recognizes the right of Nebraskans to fish, trap, and hunt as a constitutionally-protected right. As such, the adoption of the amendment may raise the level of judicial scrutiny upon laws related to fishing, trapping, and hunting passed by both the Legislature and the Commission. Under this heightened level of scrutiny, the government would be subject to an increased burden to show that the law is constitutional because it is "substantially related to an important governmental interest." Although the proposed amendment does not directly limit the powers of the Legislature and the Commission to regulate and control fishing, trapping, and hunting, by recognizing such activities as a constitutional right of the citizens of this state, there is the likelihood that this amendment will open the doors to potential constitutional attacks on the laws of the State, questioning whether the law "reasonably restricts" the right to fish, trap, and hunt.
For the foregoing reasons, the proposed constitutional amendment does not impair or negatively affect the Constitution and is an appropriate amendment to be presented to the people of Nebraska. Furthermore, the amendment may affect the interpretation of relevant existing statutes. There is the potential that such an amendment would heighten the level of scrutiny a court would use in determining the constitutionality of laws related to fishing, trapping, and hunting.
Sincerely,
 JON BRUNING Attorney General
 David D. Cookson Assistant Attorney General
 Justin D. Lavene Assistant Attorney General
Approved:
______________________________ Attorney General
pc: Patrick O'Donnell, Clerk of the Legislature